IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA GORDON,                    )        CIVIL ACTION NO.
                                    )
    Plaintiff,                      )
                                    )
        v.                     )
                                    )
UNIVERSITY OF PITTSBURGH,           )        JURY TRIAL DEMANDED
                                    )
    Defendant.                      )        Electronically Filed.

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, PATRICIA GORDON, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

        a.      Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about October 31, 2024, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");[1]

        b.      The EEOC issued a Notice of the Right to Sue dated March 5, 2025[2] and;

        c.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

5.      Plaintiff, Patricia Gordon is an African American female who resides in Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Plaintiff was fifty-nine (59) years old.

6.      Defendant, University of Pittsburgh, is a public university with offices located at 420 Fifth Avenue, Pittsburgh, Pennsylvania 15260.

---

[1] Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission against Allegheny County, DHS, OCYF, for discrimination and retaliation, at that time, with the same facts included in this Complaint.

[2] Plaintiff has not yet received a Notice of the Right to Sue for her pending charge against Allegheny County, DHS, OCYF, as described hereinbefore above.  Upon receipt of the Notice of Right to sue, Plaintiff will motion this Honorable Court to add Allegheny County, DHS, OCYF, as a defendant in the instant matter.

7.      At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

<u>FACTUAL ALLEGATIONS</u>

8.      In or about 2020, Plaintiff filed a charge of discrimination with the EEOC alleging that Allegheny County, DHS, OCYF ("County"), failed to promote her to multiple position for which she was qualified based on her race, African-American.

9.      Thereafter, on or about June 21, 2022, Plaintiff filed a federal civil action against the County, alleging that the County failed to promote her based on her race, African-American.

10.     On or about November 28, 2023, Plaintiff applied for two (2) Child Welfare Training Specialist positions.

11.     The County outsources its training department for Children, Youth, and Family Services ("CYF") Caseworkers, including the aforementioned Child Welfare Training Specialist positions, to Defendant.

12.     As such, the County and Defendant University were involved in the interview and selection process for the positions and had decision-making authority.

13.     The positions had been vacant for approximately one (1) year prior to the time that the Plaintiff applied.

14.     Plaintiff was objectively qualified for the aforementioned training positions.

15.     Plaintiff has eighteen (18) years of experience as a CYF caseworker and has worked in all three (3) areas of the County's CYF: Intake Department, Family Services, and the Permanency Department (formerly known as The Foster Care Department).

16.     On or about February 12, 2024, Plaintiff interviewed for both positions before an interview panel consisting of:

    a.  two (2) employees of Defendant:

        i.   CYF Training Department Manager Andrea Rudek ("Rudek") and

        ii.  Child Welfare Training Specialist Corrie Harold ("Harold"); and

    b.  One (1) employee of the County:

        i.   Diversity, Equity, and Inclusion Manager, Sasha Peays ("Peays").

17.     The County's Acting Deputy Director of CYF, Betsy Caroff ("Caroff"), who was specifically identified in the Plaintiff's previous complaints of discrimination, as described at Paragraphs 8 and 9, is Ms. Peays' direct manager and also had decision-making authority for the Child Welfare Specialist positions.

18.     On or about April 19, 2024, Plaintiff was notified that she was not selected by the Defendant and the County for either of the Child Welfare Training Specialist positions.

19.     Plaintiff believes, and therefore avers, that she was not selected for the Child Welfare Training Specialist positions in retaliation for her complaints of discrimination against the County, as described hereinbefore above, at Paragraphs 8 and 9.

20.     Plaintiff believes, and therefore avers, that, throughout the interview and hiring process, Defendant and the County discussed Plaintiff's previous complaints of discrimination, that Defendant had actual knowledge of Plaintiff's previous complaints of discrimination, and that Defendant and the County did not select the Plaintiff for the positions in retaliation for her complaints of discrimination.

21.     Plaintiff further believes, and therefore avers, that she was not selected for the Child Welfare Training Specialist position based on her age, 59.

22.     Defendant and the County selected Lanika Dorsey ("Dorsey"), for one (1) of the aforementioned positions.  Ms. Dorsey is a significantly younger, less qualified and less experienced individual that does not have any experience as a Children, Youth, and Family Services caseworker.

23.     As a result of the Defendant and the County's actions, Plaintiff has been adversely affected, both financially and professionally.

COUNT I:

PLAINTIFF v. DEFENDANT UNIVERSITY

ADEA – AGE DISCRIMINATION

24.     Plaintiff incorporates by reference Paragraphs 1 through 23 as though fully set forth at length herein.

25.     As described hereinbefore above, Plaintiff was subjected to discrimination based on her age in she was not selected for positions, for which she was qualified and that a younger, less qualified, and less experienced individual was selected for the position, in violation of the ADEA, 29 U.S.C. § 621, *et seq.*

26.     As a result of Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

27.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will

continue to suffer, irreparable injury from Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

28.    Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring Defendant's actions to be unlawful and violative of the ADEA;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

<u>TITLE VII - RETALIATION</u>

29.     Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

30.     As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity, to wit, filing a complaint of discrimination against the County.  The retaliatory conduct included Defendant and the County failing to hire Plaintiff for positions for which she was qualified.

31.     As a direct result of the Defendant's discriminatory actions, and in violation of Title VII, Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

32.     The actions on the part of the Defendant, through their employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

    a.      that the Court enter a judgment declaring Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.      that the Court award the Plaintiff compensatory and punitive damages as a result of Defendant violation of the Civil Rights Act of 1991;

    d.      that the Court order Defendant to return the Plaintiff to the position she held before she was retaliated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary

7

raises, fringe benefits and all other rights to which she would have been
entitled but for Defendant University's discriminatory conduct;

e.    that the Court award the Plaintiff pre-judgment and post judgment interest
from the date of the discrimination;

f.    that the Court award the Plaintiff reasonable attorneys' fees
and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and
proper.

JURY TRIAL DEMANDED

COUNT III:

PENNSYLVANIA HUMAN RELATIONS ACT

33.    Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at

length herein.

34.    This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S.

Section 951, *et seq.* (The "Pennsylvania Human Relations Act") and this Court has, and should

exercise, pendent jurisdiction over the same because the cause of action complained of in this

Count arises out of the same facts, events and circumstances as the other counts and therefore

judicial economy and fairness to the parties dictate that this count be brought in the same

Complaint.

45.    As described hereinbefore above, the Defendant discriminated against the Plaintiff based

on her age, 59, and retaliated against the Plaintiff for her complaints of discrimination based on

her race, African-American.

46.    By discriminating against the Plaintiff without just cause or legal excuse and solely

because of age and complaints of racial discrimination, and by permitting the discrimination

against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S.

8

Section 955 which prohibits discrimination based upon age and retaliation with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

47.    As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

48..    As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature.  Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

49.    The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d.    that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e.    that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
jsansone@joelsansonelaw.com
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: May 22, 2025